IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUZ MARINA VASQUEZ GONZALEZ | ) | |
| | ) | |
| Petitioner, | ) | No. 25 C 13162 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| SAM OLSON, Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, SCOTT A. MAPLES, Clark County Sherriff, in his official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Luz Marina Vasquez Gonzalez ("Vasquez Gonzalez") has filed a 28 U.S.C. § 2241 habeas corpus petition challenging her present detention in Immigration and Customs Enforcement ("ICE") custody. For the following reasons, the court grants Vasquez Gonzalez's petition. Respondents are ordered to provide Vasquez Gonzalez with a bond hearing pursuant to the process outlined in 8 U.S.C. §1226(a) within five calendar days of the issuance of this order. If the bond hearing is not held by November 17, 2025, the court orders Vasquez Gonzalez to be released.

## BACKGROUND

Vasquez Gonzalez is 53-year-old Peruvian national who fled Peru to the United States after being detained by Peruvian law enforcement for having participated in protests against the government. Vasquez Gonzalez entered the United States without inspection near San Luis, Arizona, on February 3, 2023, and has continually lived in the United States since this entry.

Vasquez Gonzalez has a pending asylum claim. The Department of Homeland Security ("DHS") has already determined that Vasquez Gonzalez should be released on her own recognizance pending the adjudication of her asylum claim. DHS issued Vasquez Gonzalez a Notice to Appear to commence removal proceedings and released her with instructions to report to ICE in Chicago. Petitioner reported as instructed and filed an I-589, Application for Asylum and Withholding of Removal, with the Chicago Immigration Court on December 16, 2024, which remains pending.

Vasquez Gonzalez was scheduled for an individual hearing before the Chicago Immigration Court on October 2, 2028, during which an immigration judge would decide whether to grant her relief in the form of asylum, withholding of removal, or under the Convention Against Torture. On October 28, 2025, Respondents detained Vasquez Gonzalez during a check-in at the Chicago ICE field office. Vasquez Gonzalez is currently in custody at the Clark County Jail run by the Clark County Sheriff's Office in Jeffersonville, Indiana. Respondents have indicated that they are attempting to relocate Vasquez Gonzalez to a different facility in either Wisconsin or Indiana based on this court's order not to transfer the petitioner to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin.

Vasquez Gonzalez has not had a bond hearing pursuant to 8 U.S.C. § 1226(a), and there

is no indication that such a bond hearing will be forthcoming.

## DISCUSSION

Because Vasquez Gonzalez was in custody in Illinois when she filed her petition, the court may properly hear the petition regardless of her subsequent transfer to Indiana. Ex parte Endo, 323 U.S. 283, 307 (1944); see also Trump v. J.G.G., 604 U.S. 670, 672 (2025); In re Hall, 988 F.3d 376, 378-79 (7th Cir. 2021).

Respondents make the same jurisdictional arguments here that they have made in numerous courts across the country—including in this district. A vast majority of those courts concluded that they had jurisdiction over petitions challenging denial of petitioners' right to seek bond. See, e.g., Miguel v. Noem et al, No. 25-cv-11137 (N.D. Ill. Oct. 21, 2025); Ochoa Ochoa v. Noem, No. 25-cv-10865, 2025 WL 2938779 at *2 (N.D. Ill. Oct. 16, 2025); Alejandro v. Olson, No. 25-cv-02027, 2025 WL 2896348, at *3 (S.D. Ind. Oct. 11, 2025). This court joined that majority in its decision in Flores v. Olson, No. 25-cv-12916 (N.D. Ill. Nov. 3, 2025). For the same reasons as the court articulated in its opinion in that case, the court finds that 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1252(b)(9), and 1252(g) do not strip district courts of jurisdiction over habeas petitions for detention hearings. Additionally, like in Flores, the court finds that requiring Vasquez Gonzalez to exhaust her remedies would be futile.

Absent extenuating circumstances, the only proper respondent in a habeas case is the detainee's immediate custodian. See Trump 604 U.S. at 672; Rumsfeld v. Padilla, 542 U.S. 426 at 442 (2004); see generally Reimnitz v. State's Att'y of Cook Cnty., 761 F.2d 405, 409 (7th Cir. 1985) (explaining that in some circumstances "the important thing is not the quest for a mythical custodian, but that the petitioner name as respondent someone (or some institution) who has both

3

an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom"). Vasquez Gonzalez is currently in custody at the Clark County Jail in Jeffersonville, Indiana. Thus, in normal circumstances, Scott A. Maples, the Clark County Sheriff, would be the only proper respondent. But here, respondents seek to relocate Vasquez Gonzalez to a different facility. Additionally, in this case and cases like these, the petitioner's location (and concomitantly the petitioner's immediate custodian) at a given moment is often unknown. This uncertainty and Vaquez Gonzalez's imminent transfer are extenuating circumstances. Because of these extenuating circumstances, the other respondents will remain on the caption until Vasquez Gonzalez's more permanent immediate custodian is identified with certainty, at which point that custodian will be substituted for the rest of the listed respondents under Fed. R. Civ. P. 25(d).

Respondents advance the same statutory interpretation arguments that have already been rejected by this court in Flores and its sister courts in numerous other cases. See, e.g., Ochoa Ochoa, 2025 WL 2938779 at *4-5; H.G.V.U. v. Smith, No. 25-cv-10931, 2025 WL 2962610, at *4-5 (N.D. Ill. Oct. 20, 2025). Again, the court, in agreement with the majority of its sister courts, finds that the mandatory detention provision within the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1225(b)(2)(A), does not apply to noncitizens who are inadmissible under the INA but are already present in the country (such as Vasquez Gonzalez). The court rejects the Board of Immigration Appeals' interpretation of the INA in Yajure Hurtado as incorrect as a matter of law, noting that it is neither binding on nor persuasive to this court.

Finally, as in Flores and the countless other similar cases, this court finds that the denial of bond based on Yajure Hurtado violates procedural due process. This court's discussion of Due Process in Flores applies with equal weight to Vasquez Gonzalez.

**CONCLUSION**

For the above reasons, the court grants Vasquez Gonzalez's petition. Respondents are ordered to provide Vasquez Gonzalez with a bond hearing pursuant to the process outlined in 8 U.S.C. §1226(a) within five calendar days of the issuance of this order. If the bond hearing is not held by November 17, 2025, the court orders Vasquez Gonzalez to be released. The parties are directed to file a status report by November 18, 2025, updating the court on whether the ordered bond hearing was held and the status of her continued detention or release from custody. This matter is set for what the court hopes to be a final, in-person status hearing on November 20, 2025, at 10:00 a.m. The motion for TRO (Doc. 10) is terminated as moot.

        **ENTER:**

        **Robert W. Gettleman**
        **United States District Judge**

**DATE: November 12, 2025**